FILED
DISTRICT COURT

2006 OCT 25  P 2: 15

THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|                              |     |            |              |
|------------------------------|-----|------------|--------------|
| UNITED STATES OF AMERICA,    | )   |            |              |
|                              | )   |            |              |
|     Plaintiff, | )   | Case No.   | 2:03-CR-24   |
|                              | )   |            | 2:01-CR-180  |
|   v.               | )   |            | ORDER        |
| FRIEDRICH PETER ARTEZ,       | )   |            |              |
|                              | )   |            |              |
|     Defendant. | )   |            |              |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendant Friederich Artez has filed a Motion to Dismiss based on a Speedy Trial Act violation under 18 U.S.C. § § 3161 and 3162. The Speedy Trial Act requires that a defendant be brought to trial within seventy (70) days of either being indicted or making his first court appearance, whichever date is later. The Government has conceded in its Supplemental Response in Opposition To Defendant's Motion to Dismiss that more than seventy days have passed in both cases that were not excluded and therefore should be counted towards the Speedy Trial Act requirements. Defendant argues that since more than 70 days have passed in both cases, dismissal is mandatory. This court agrees.

The question remaining before the court is whether the dismissal is to be with or without prejudice. In determining whether to dismiss with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the

administration of this chapter and on the administration of justice.  18 U.S.C. § 3162 (a)(2).  The

Supreme Court has indicated that prejudice to the defendant occasioned by the delay should also be

considered in determining whether to dismiss an indictment with or without prejudice. See United

States v. Taylor, 487 U.S. 326, 333-34, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988).

    The Tenth Circuit has stated  that where the Speedy Trial Act violation is the result of

"intentional dilatory conduct, or a pattern of neglect on the part of the Government, dismissal with

prejudice is the appropriate remedy."  United States v. Cano-Silva, 302 F.3d 1031, 1036 (10ᵗʰ Cir.

2005).  The delays in this case were not the result of negligence or intentional dilatory conduct on

the part of the government.  The defendant is substantially responsible for many, if not most of the

delays and is not without fault.   The government was cooperative with defense counsel on her

personal problems which caused many of the delays, Defendant's insistence that Jeanne Lund

continue as his counsel,  and on the conflict of interest issue which needed to be resolved.  In fact,

the government filed all of the documents necessary to proceed to trial in anticipation that the jury

trial would proceed.

    Therefore, this court finds that the statutory requirements have been met in that the offense

is a serious one, that the administration of justice would best be served by a dismissal without

prejudice, and that while it may be more difficult for the defendant to now proceed to trial, this court

finds that defendant was not so prejudiced by the delay as to warrant the dismissal of his case with

prejudice.  In fact, as stated previously, much of the delay was to resolve a conflict issue for the

benefit of the defendant and  the government should not now be penalized for delays in which the

defendant was complicit.

For the foregoing reasons Defendant's Motion to Dismiss the Indictment   under 18 U.S.C. § § 3161 and 3162 is **granted without prejudice**.   Because the granting of this motion terminates this case, the remaining motions are all moot.

SO ORDERED.

DATED this _24ᵗ_ day of _October_ , 20_06_ .

BY THE COURT:

DAVID SAM

SENIOR JUDGE

U.S. DISTRICT COURT

3